UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                  Chapter 7

Jimmy Lewis Hammond, Sr.,                               Case No. 09-77872
f/d/b/a JB Hammond Consultants, and
Patricia Ann Hammond,                                   Hon. Phillip J. Shefferly

        Debtors.
_____/

**ORDER DENYING DEBTORS'
MOTION TO APPROVE LOAN MODIFICATION**

On December 11, 2009, the Debtors filed this case under Chapter 13. On April 21, 2011, the Debtors converted the case to Chapter 7. On July 18, 2011, the Court granted the Debtors a discharge. On January 29, 2013, the Chapter 7 Trustee filed a final report. The case is now ready to be closed. However, on February 13, 2013, the Debtors filed a "Motion Allowing Approval of Loan Modification with GMAC Mortgage LLC" (docket entry no. 130). The Debtors' motion alleges that GMAC has offered the Debtors a permanent loan modification but "will not consummate the permanent modification unless Debtors obtain an Order from this Honorable Court, as the case remains open and subject to the Bankruptcy Court's jurisdiction."

The Debtors' motion does not cite to any Bankruptcy Code section or other authority for the Court to grant the relief requested in the motion. The Debtors' motion does not explain why either the Debtors or GMAC believe that this Court's approval is required for the Debtors to enter into the loan modification. The Debtors' motion also does not explain what criteria the

Court would apply to determine whether or not to grant the Debtors' requested relief. The Debtors are not asking the Court for permission to reaffirm a pre-petition debt, the procedure for which is set forth in § 524 of the Bankruptcy Code, but instead are requesting only that the Court "approve" the Debtors' proposed loan modification and authorize the Debtors to "enter" into it.

The Court concludes that it does not have jurisdiction to either approve or disapprove the loan modification between the Debtors and GMAC, nor to authorize or refuse to authorize the Debtors to "enter" into it. This is a Chapter 7 case, not a Chapter 13 case. The Debtors have already received their discharge, and the case has been fully administered. The Debtors do not need this Court to "approve" a mortgage loan modification or authorize the Debtors to "enter" into it, nor is there any authority for the Court to grant such relief. The Debtors are free to either enter into a mortgage loan modification or not, irrespective of any decision by this Court to approve or disapprove, authorize or not authorize. Although the Court cannot grant the relief requested by the Debtors in their motion, in the interest of clarity, the Court will make clear in this order that the automatic stay of § 362 is modified to permit the Debtors to enter into a loan modification with GMAC if they wish to do so, and need not obtain any further approval or authorization to do so from this Court. Accordingly,

**IT IS HEREBY ORDERED** that the Debtors' motion to approve loan modification agreement (docket entry no. 130) is denied without prejudice to the Debtors' and GMAC's right to enter into a loan modification regarding the mortgage loan on the Debtors' residence.

**IT IS FURTHER ORDERED** that the automatic stay of § 362 is modified to permit the Debtors to enter into a loan modification agreement with GMAC if they choose to do so.

.

**Signed on February 13, 2013**

                                                    **/s/ Phillip J. Shefferly**
                                                    **Phillip J. Shefferly**
                                                    **United States Bankruptcy Judge**